# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *
HAYLEY STRICKER,                    *
                                    *    No. 18-56V
                                    *    Special Master Christian J. Moran
                                    *
              Petitioner,           *
v.                                  *
                                    *    Filed: February 6, 2020
SECRETARY OF HEALTH                 *
AND HUMAN SERVICES,                 *
                                    *    Attorneys' fees and costs, interim
              Respondent.           *    award, expert invoice
* * * * * * * * * * * * * * * * * * *
```

<u>Andrew D. Downing</u>, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner;
<u>Robert P. Coleman, III</u>, United States Dep't of Justice, Washington, D.C., for
Respondent.

## PUBLISHED DECISION AWARDING
## <u>ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS</u>[1]

On January 11, 2018, Hayley Stricker ("Petitioner") filed a petition under
the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa–10 through 34
(2012).  Petitioner claims that she suffered from undifferentiated connective tissue
disease, after receiving the human papillomavirus vaccine on September 29, 2015.
Pet., filed May 1, 2017, ¶¶ 5, 33.  Petitioner's counsel of record is Mr. Andrew
Downing.

On November 2, 2018, the undersigned issued an order suspending
respondent's Rule 4(c) report deadline, and directing petitioner to file an expert
report.  <u>See</u> Order, issued Nov. 2, 2018, ECF No. 28.  To develop her case,

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and
Promotion of Electronic Government Services), requires that the Court post this decision on its
website.  This posting will make the decision available to anyone with the internet.  Pursuant to
Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical
information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any redactions
ordered by the special master will appear in the document posted on the website.

petitioner filed an expert report from Dr. Thomas M. Zizic.  Exhibit 37.  In rebuttal, the Secretary filed reports from Dr. James Moy on June 14, 2019, and Dr. Carlos Rose on September 13, 2019.  Exhibits A, L.

On October 7, 2019, petitioner moved for an award of attorneys' fees and costs on an interim basis, requesting $31,108.50 in fees and $44,268.06 in costs, for a total of $75,376.56.  Pet'r's Mot. IAFC at 5.  **For the reasons that follow, petitioner is awarded $30,835.31 with a remainder deferred.**

\*     \*     \*

The requested fees include work performed and costs incurred as of October 7, 2019, when petitioner filed her motion.  Petitioner argues that an award of interim fees and costs is appropriate in this case because: the threshold requirements regarding the amount of fees and costs requested are met, Pet'r's Mot. IAFC at 3, and it will likely be a significant time period before the case concludes.  Id. at 2

The Secretary filed his response to petitioner's motion on October 18, 2019.  Resp't's Resp.  The Secretary did not provide any objection to petitioner's request.  Id.  Instead, he stated that he "recommends that the [Special Master] exercise [his] discretion regarding petitioner's request for an interim award of attorneys' fees and costs."  Id. at 4.

This matter is now ripe for adjudication.

\*     \*     \*

Petitioner's motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question.  First, whether petitioner is eligible under the Vaccine Act to receive an award of attorneys' fees and costs?  Second, whether, as a matter of discretion, petitioner should be awarded her attorneys' fees and costs on an interim basis?  Third, what is a reasonable amount of attorneys' fees and costs?  These questions are addressed below.

## 1.  Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases.  Avera, 515 F.3d at 1352.  Since petitioner has not received compensation from the

Program, they may be awarded "compensation to cover [her] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1).  As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard.  Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).  A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred.  Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  The Secretary has not challenged petitioner's good faith here, and there is little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence.  Simmons, 875 F.3d at 636.  Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence.  See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Here, the reports from the expert petitioner has retained, Dr. Zizic, satisfy the reasonable basis standard.  See exhibits 37, 72.  These reports, combined with petitioner's medical records, establish a theory of causation and provide a reasonable basis sufficient for the attorneys' fees and costs determination.

## 2. Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right.  Avera, 515 F.3d at 1352 (Fed. Cir. 2008).  Instead, petitioner must demonstrate "undue hardship." Id.  The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id. The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained.  Id.

3

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding." In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months. Petitioner clears both hurdles.

### 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Special masters may rely upon their experience in adjudicating requests for attorneys' fees and costs. Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A. Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. See Blum, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. at 895, n.11. A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. Avera, 515 F.3d at 1349. If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall." Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[2]

Petitioner states that the rates charged by petitioner's counsel are reasonable and in line with previous awards. Pet'r's Mot. IAFC at 4. The Secretary does not dispute petitioner's counsel's entitlement to forum rates. Given Mr. Downing's level of experience, the undersigned finds these rates to be reasonable. Mr. Downing's rates, as well as the rates of Ms. Van Cott and paralegals assisting with the case, are in line with the forum hourly rate fee schedule and therefore reasonable.

B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton, 3 F.3d at 1521. The Secretary did not challenge any of the requested hours as unreasonable.

Mr. Downing's time entries provide detail to assess reasonableness. Generally, Mr. Downing and his associates assisting on the case appropriately did not request compensation for administrative tasks, which are not compensable. Thus, the undersigned finds Mr. Downing's number of hours expended to be reasonable. However, the undersigned did note some either ambiguous or purely administrative tasks listed, and adjusted the calculation of fees for these items, eliminating compensation for entries or portions of entries that consisted of purely administrative work or that were ambiguous. The undersigned finds that this total reduction amounts to $739.25.

Accordingly, taking this fees reduction into account, petitioner is awarded attorneys' fees in the amount of $30,369.25.

C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requested $44,268.06 in

---

[2] The 2015–2016, 2017, 2018, and 2019 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

attorneys' costs, consisting of acquiring medical records, paying the court filing fee, postage, and acquiring and compensating for the services of one expert.  See Pet'r's Mot. IAFC, Exhibit A at 24-25; see also Pet'r's Mot. IAFC at 4-5.  For the non-expert-related costs ($466.06), the undersigned finds that petitioner has provided adequate documentation for these costs and will award them in full.

For the expert-related costs, petitioner has requested compensation for the expert fees of Dr. Zizic.[3]  Reasonable expert fees are also determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours.  See Chevalier v. Sec'y of Health & Human Servs., No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017).  A reasonable hourly rate for an expert depends, in part, on the quality of the expert's work.  Sabella v. Sec'y of Dep't of Health & Human Servs., 86 Fed. Cl. 201, 218-25 (2009).

Dr. Zizic billed 109.55 hours at a rate of $400 per hour for the preparation of his expert report, for a total of $43,820.00.  Pet'r's Mot. IAFC, Exhibit A at 28-31.  Dr. Zizic is a board-certified rheumatologist with significant experience serving as an expert in the Vaccine Program.  See Pet'r's Mot. IAFC at 5.  His expertise was relevant to petitioner's claim, and he provided a thorough expert report.  See generally Exhibit 37.  Therefore, the undersigned finds Dr. Zizic's rate of $400 per hour reasonable.

Special masters have found Dr. Zizic's invoices contain overbilling.  Sicard v. Sec'y of Health & Human Servs., No. 16-322V, 2019 WL 6462385, at *5-6 (Fed. Cl. Spec. Mstr. Nov. 4, 2019) (collecting cases).  Some of these findings were made before Dr. Zizic began work on this case in November 2018.

Dr. Zizic's invoice contains entries that are inflated.  For example, his first substantive task was reviewing the petition, which is essentially 10 pages in length.  For this task, Dr. Zizic has claimed 2.7 hours (or 162 minutes).  Dr. Zizic is representing that he spent more than 15 minutes reading each page of the petition.  This cannot be accurate.

Dr. Zizic's second entry states that he reviewed Ms. Stricker's statement, which is exhibit 1, an affidavit.  The affidavit is approximately five pages and Dr.

---

[3] Because Dr. Zizic has testified before the undersigned in Bourche No. 15-232 (Fed. Cl. Spec. Mstr. Jan. 7, 2020), the undersigned has some basis for evaluating Dr. Zizic's work.

Zizic has invoiced for 0.65 hours (or 39 minutes).  This is approximately eight minutes per page.  This, too, cannot be accurate.

Errors in record-keeping continue when Dr. Zizic took up the task of reading medical records.  For example, Dr. Zizic states that he spent 6.8 hours (approaching a full eight-hour work day) on the task of reading the records from Ms. Stricker's rheumatologist, Dr. Saba.  Dr. Saba's records are exhibit 15.  Exhibit 15 consists of 70 pages of typed medical records and typed laboratory reports.  Dr. Zizic has represented that he spent approximately 6 minutes per page reading these records.  This rate exceeds, by a significant amount, a typical amount.

On three occasions, Dr. Zizic has entries for "Johns Hopkins Medical Library."  January 18, 2019; January 16, 2019; and January 23, 2019.  The total amount of time is 15.85 hours.  It seems that this might be time that Dr. Zizic spent researching for articles, but Dr. Zizic could clarify.  It is not time spent reading articles as Dr. Zizic has separately listed the articles that he reviewed.  For medical articles, Dr. Zizic has generally invoiced approximately 10 minutes per page.  This also is high.

Under these circumstances, a decision on a reasonable amount of compensation for Dr. Zizic's work is DEFERRED.  See Pickens v. Sec'y of Health and Human Servs., No. 17-187V, 2020 WL 41442 (Fed. Cl. Jan. 9, 2020) (denying motion for review in which special master had deferred adjudication of an expert's cost).  In a future motion for attorneys' fees and costs, Ms. Stricker may submit a revised invoice from Dr. Zizic that presents a reasonable number of hours.  See Rocha v. Sec'y of Health & Human Servs., No. 16-241V, 2019 WL 2406954, at *4-5 (Fed. Cl. Spec. Mstr. April 30, 2019) (deferring adjudication of an attorney's request for attorneys' fees until attorney submits revised timesheets), mot. for review filed (May 30, 2019).

In sum, petitioner is awarded attorneys' costs in the amount of $466.06.

*        *        *

Accordingly, petitioner is awarded:

**A lump sum of $30,835.31 in the form of a check made payable to petitioner and petitioner's attorney, Andrew D. Downing.**

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).