# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * *
HAYLEY STRICKER,

      Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

      Respondent.
* * * * * * * * * * * * * * * * * * *

No. 18-56V
Special Master Christian J. Moran

Filed: November 4, 2022

Attorneys' fees and costs, interim award, expert invoice

Andrew D. Downing, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner;
Nina Ren, United States Dep't of Justice, Washington, D.C., for Respondent.

**PUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS**[1]

  Hayley Stricker seeks a second interim award for attorneys' fees and costs. She is awarded **$113,722.50** with another portion deferred.

            *  *  *

  Ms. Stricker claims that the human papillomavirus vaccine she received on September 29, 2015, caused her to suffer systemic lupus erythematous. Petitioner's counsel of record is Mr. Andrew Downing.

  Mr. Downing was compensated for some of his work. First Interim Fee Decision, 2020 WL 1028901, issued Feb. 6, 2020. Although Ms. Stricker received

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting will make the decision available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

this compensation for her attorneys' work, Ms. Stricker's request for reimbursement of costs associated with an expert she retained, Thomas Zizic (a rheumatologist), was deferred. Dr. Zizic had presented invoices in which the representations about the amount of time he spent on tasks was not accurate. Thus, "Ms. Stricker may submit a revised invoice from Dr. Zizic that presents a reasonable number of hours." 2020 WL 1028901, *4.

A four-day hearing was held in January 2022. Following the hearing, Ms. Stricker submitted another request for an award of attorneys' fees and costs on an interim basis. Ms. Stricker has requested additional compensation for Mr. Downing and other attorneys. The requested fees include work performed starting October 9, 2019, which is after Ms. Stricker filed her first motion for attorneys' fees and costs on an interim basis. The invoices end on February 14, 2022. See Pet'r's Mot., filed Feb. 15, 2022, Fee Exhibit A.

Ms. Stricker also sought compensation for Dr. Zizic and resubmitted his original invoice and added new invoices. Pet'r's Mot., Fee Exhibit A at pdf 33-40. One of the invoices is from a different case. Id. at 38.

The Secretary responded. Quoting the First Interim Fee Decision, the Secretary noted that Ms. Stricker had not submitted a revised invoice from Dr. Zizic. The Secretary also questioned the amount that Dr. Zizic was requesting, noting that Dr. Zizic has claimed almost as much as Mr. Downing for the entire case. Ultimately, the Secretary deferred to the undersigned's assessment. Resp't's Resp., filed Feb. 24, 2022.

Ms. Stricker did not file a reply. Her motion is, therefore, ready for adjudication.

\*   \*   \*

Petitioner's motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question. First, whether petitioner is eligible under the Vaccine Act to receive an award of attorneys' fees and costs? Second, whether, as a matter of discretion, petitioner should be awarded her attorneys' fees and costs on an interim basis? Third, what is a

reasonable amount of attorneys' fees and costs? These questions are addressed below.

### 1. Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera, 515 F.3d at 1352. Since petitioner has not received compensation from the Program, she may be awarded "compensation to cover [her] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1). As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The Secretary has not challenged petitioner's good faith here, and there is little doubt that petitioner brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. Simmons, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence. See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Here, the reports from the expert petitioner has retained, Dr. Zizic, satisfy the reasonable basis standard. See exhibits 37, 72. These reports, combined with petitioner's medical records, establish a theory of causation and provide a reasonable basis sufficient for the attorneys' fees and costs determination.

## 2. Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right. Avera, 515 F.3d at 1352 (Fed. Cir. 2008). Instead, petitioner must demonstrate "undue hardship." Id. The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained. Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding." In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months.

Ms. Stricker's pending request is unusual in that she has made a *second* request. Citing Heinzelman v. Sec'y of Health & Human Servs., No. 07-01V, 2011 WL 7463322 *6 (Fed. Cl. Spec. Mstr. Mar. 24, 2011, Ms. Stricker argues that a second request is justified in her case because in the two years after the First Interim Fees Decision, she has incurred a substantial amount of attorneys' fees and costs. Pet'r's Mot. at 3-5. The Secretary did not argue that Ms. Stricker's second request fails to meet the Avera factors. See Resp't's Resp.

Ms. Stricker has substantiated a second award on an interim basis is appropriate. To the extent that a pendency of 18 months and invoices showing $30,000 in fees are guideposts, Ms. Stricker has surpassed both of them after the First Fees Decision.

## 3. Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Special masters may rely upon their experience in adjudicating requests for attorneys' fees and costs. Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A. Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  See Blum, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Id. at 895, n.11.  A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate.  Avera, 515 F.3d at 1349.  If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall." Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[2]

Petitioner states that the rates charged by petitioner's counsel are reasonable and in line with previous awards.  Pet'r's Mot. at 5-6.  The Secretary does not dispute petitioner's counsel's entitlement to forum rates.  Given Mr. Downing's level of experience, the undersigned finds these rates to be reasonable.  Mr. Downing's rates, as well as the rates of Ms. Van Cott and paralegals assisting with the case, are in line with the forum hourly rate fee schedule and therefore reasonable.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See

---

[2] The Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914.  The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

Saxton, 3 F.3d at 1521.  The Secretary did not challenge any of the requested hours as unreasonable.

In general, the attorneys' invoices reflect the amount of work to litigate Ms. Stricker's case.  For example, Mr. Downing and Ms. Van Cott spent approximately 50 hours (worth approximately $15,000) to write the primary brief before the hearing.  They also spent approximately 15 hours (worth approximately $5,000) to write the reply brief.  On both tasks, Ms. Van Cott's time exceeded Mr. Downing's time.  These efforts are credited in full as the quality of the briefs was strong.

Similarly, Mr. Downing and Ms. Van Cott prepared to try the case.  They spoke with witnesses, reviewed documents, and drafted questions.  Combined, their efforts exceeded 80 hours and was valued at approximately $34,000.  While Mr. Downing and Ms. Van Cott sometimes duplicated tasks, such as attending a session preparing a witness to testify, their duplication was not unreasonable in the circumstances of this case.  Their efforts, again, are credited in full as the quality of the advocacy was strong.

Mr. Downing and Ms. Van Cott also attended the hearing and billed their time appropriately.  The Secretary, who also had two attorneys trying the case, did not interpose any objection to the participation of two attorneys.  Thus, the time spent in trial is also credited in full.

On the other hand, smaller entries cannot be accepted.  For example, paralegals have charged for administrative tasks, such as filing documents.  A reasonable reduction for these items is approximately $1,300.

Additionally, Mr. Downing and Ms. Van Cott have numerous entries for communicating with Ms. Stricker and/or her mother.  See, e.g., Fee Exhibit A at 19 (all entries on this page concern communications with Ms. Stricker).  However, the topic of communication is not always provided, leaving an assessment of the reasonableness of the efforts difficult.[3]

Attorneys who submit fee applications should provide some detail about the topic of communications with their clients.  Avgoustis v. Shinseki, 639 F.3d 1340,

---

[3] Mr. Downing charged 0.4 hours for receiving a joint notice not to seek review of a decision awarding attorneys' fees and costs and a judgment as well as corresponding to his client.  It is not clear why those relatively ministerial tasks would take more than 20 minutes to accomplish.

1344-45 (Fed. Cir. 2011); Order regarding Attorneys' Fees, issued Jan. 12, 2018 (citing Avgoustis); see also Fields v. Sec'y of Health & Hum. Servs., No. 17-1056V, 2022 WL 3569300, at *5-6 (Fed. Cl. Spec. Mstr. July 27, 2022), mot. for rev. denied, 2022 WL 4100173 (Fed. Cl. Aug. 23, 2022). Here, Ms. Van Cott has often not explained with sufficient detail whether her activities were reasonable. The requested charge for these items is approximately $2,100. Due to the vagueness in entries, they are reduced by 50 percent.

Accordingly, taking these reductions into account, petitioner is awarded attorneys' fees in the amount of $113,722.50.

C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requested $78,086.73 in attorneys' costs, consisting almost entirely of costs associated with Dr. Zizic.

Reasonable expert fees are also determined using the lodestar method in which a reasonable hourly rate is multiplied by a reasonable number of hours. See Chevalier v. Sec'y of Health & Human Servs., No. 15-001V, 2017 WL 490426, at *3 (Fed. Cl. Spec. Mstr. Jan. 11, 2017). A reasonable hourly rate for an expert depends, in part, on the quality of the expert's work. Sabella v. Sec'y of Dep't of Health & Human Servs., 86 Fed. Cl. 201, 218-25 (2009).

As previously indicated, Dr. Zizic's invoices contain estimates of time that are not accurate. Ms. Stricker was invited to file a revised invoice, but she has not. Ms. Stricker's pending motion for enlargement of time does not justify the amount of time Dr. Zizic has charged. See Pet'r's Mot. at 6; see also Transcript from the Entitlement Hearing at 265-78.

Under these circumstances, a decision on a reasonable amount of compensation for Dr. Zizic's work is DEFERRED. See Pickens v. Sec'y of Health and Human Servs., No. 17-187V, 2020 WL 41442 (Fed. Cl. Jan. 9, 2020) (denying motion for review in which special master had deferred adjudication of an expert's cost). In a future motion for attorneys' fees and costs, Ms. Stricker may submit a revised invoice from Dr. Zizic that presents a reasonable number of hours. See Rocha v. Sec'y of Health & Human Servs., No. 16-241V, 2019 WL 2406954, at *4-5 (Fed. Cl. Spec. Mstr. April 30, 2019) (deferring adjudication of an attorney's request for attorneys' fees until attorney submits revised timesheets).

\* \* \*

Accordingly, petitioner is awarded:

**A lump sum of $113,722.50 in the form of a check made payable to petitioner and petitioner's attorney, Andrew D. Downing.**

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).