# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
HAYLEY STRICKER,                       *
                                       *   No. 18-56V
                                       *   Special Master Christian J. Moran
                 Petitioner,           *
v.                                     *
                                       *   Filed: October 16, 2024
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
                 Respondent.           *
* * * * * * * * * * * * * * * * * * * *
```

Andrew D. Downing, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner;
Nina Ren, United States Dep't of Justice, Washington, D.C., for Respondent.

### PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Hayley Stricker seeks a final award for her attorneys' fees and costs, compensating her for work her attorneys did in briefing the case, both after hearing and as part of a motion for review. She is awarded **$77,460.90**.

\*   \*   \*

Ms. Stricker alleged that a human papillomavirus vaccine caused her to develop systemic lupus erythematous. While her case was pending in the Office of Special Masters, she received three interim awards. The first two interim awards

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the Decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

compensated Ms. Stricker for work her attorney, Andrew Downing, performed. First Interim Fees Decision, 2020 WL 1028901 (Fed. Cl. Feb. 6, 2020); Second Interim Fees Decision, 2023 WL 2387994 (Nov. 4, 2022).  A third interim award compensated Ms. Stricker for work her expert, Dr. Zizic, performed.  Third Interim Fees Decision, 2024 WL 420254 (Jan. 11, 2024).

      Collectively, these three interim awards compensated Ms. Stricker, Mr. Downing, and Dr. Zizic for the work they performed and the costs they incurred through a four-day hearing, which was held in January 2022.  After the hearing, Mr. Downing and other professionals argued Ms. Stricker's case by writing a lengthy post-hearing brief and a post-hearing reply.  A significant portion of the pending motion for final fees relates to these efforts.

      Ms. Stricker was found not entitled to compensation.  Entitlement Decision, 2024 WL 263189 (Jan. 2, 2024).  She challenged this determination by filing a motion for review.  Mr. Downing and his colleagues, including Courtney Jorgensen, wrote the brief supporting the motion for review as well as a reply brief. The pending motion for final fees also seeks compensation for these activities. The motion for review was denied.  170 Fed. Cl. 701 (2024).

      Ms. Stricker now seeks an award of attorneys' fees and costs.  She requests $84,460.90, comprised of $81,743.00 in attorneys' fees and $2,717.90 in costs. Pet'r's Mot., filed Apr. 2, 2024, at 2.  The Secretary did not interpose any objection to the amounts requested and deferred to the special master's assessment.  Resp't's Resp., filed Apr. 2, 2024.

\*   \*   \*

      Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).  Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Special masters may rely upon their experience in adjudicating requests for attorneys' fees and costs.  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A. <u>Reasonable Hourly Rate</u>

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. See <u>Blum</u>, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." <u>Id.</u> at 895, n.11. A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate. <u>Avera</u>, 515 F.3d at 1349. If these two requirements are met, the <u>Davis County</u> exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall." <u>Id.</u>; see <u>Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency</u>, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, <u>McCulloch</u> provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. <u>McCulloch v. Sec'y of Health & Human Servs.</u>, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), <u>motion for recons. denied</u>, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the <u>McCulloch</u> rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[2]

Petitioner states that the rates charged by petitioner's counsel are reasonable and in line with previous awards. Pet'r's Mot. at 3-5. The Secretary does not dispute petitioner's counsel's entitlement to forum rates. Given Mr. Downing's level of experience, the undersigned finds these rates to be reasonable. Mr. Downing's rates, as well as the rates of Ms. Jorgenson and paralegals assisting with the case, are in line with the forum hourly rate fee schedule and therefore reasonable.

B. <u>Reasonable Number of Hours</u>

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See <u>Saxton</u>, 3 F.3d at 1521. The Secretary did not challenge any of the requested hours as unreasonable.

---

[2] The Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in <u>McCulloch</u>, 2015 WL 5634323.

In general, the attorneys and their staff described their work with sufficient detail to assess the reasonableness of the activity. Most activities are accepted as reasonable.

An exception to this general finding of reasonableness concerns Ms. Jorgenson's work in reviewing the hearing transcript, which was 770 pages for four days. Ms. Jorgenson has charged approximately 43 hours for this task. In other words, Ms. Jorgenson spent roughly the same amount of time in a typical five-day workweek for reviewing a transcript of a hearing that lasted four days. This amount of time is excessive. To accomplish "rough justice" (see Fox v. Vice, 563 U.S. 836, 838 (2011)), this amount of time is reduced by approximately half, eliminating $7,000.00.

Ms. Jorgenson's work regarding review of the transcript contrasts with the invoicing associated with writing the post-hearing brief. Ms. Jorgenson created entries with a degree of detail rarely seen. For example, in an entry for May 5, 2022, Ms. Jorgenson recorded the amount of time associated with: "Draft section regarding case reports; review Wang and draft section regarding Wang." With this much specificity, crediting all the time associated with the post-hearing brief and reply is easy.

So, too, the time associated with the motion for review is credited in full. Ms. Jorgenson and Mr. Downing spent approximately 40 hours on this task. Their charges, which total approximately $16,000, are accepted as reasonable. The same can be said for the work on the reply brief for the motion for review. Writing the reply brief took about 14 hours with a value of about $6,000. This time and this amount are reasonable.

For these reasons, Ms. Stricker is awarded $74,743.00 ($81,743.00 - $7,000.00) in attorneys' fees.

C. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Ms. Stricker requested $2,717.90, which is for the hearing transcript. This amount is adequately documented and reasonable.

*   *   *

Accordingly, Ms. Stricker is awarded:

**A lump sum of $77,460.90 in the form of a check made payable to petitioner and petitioner's attorney, Andrew D. Downing.**

The Clerk's Office is instructed to enter judgment in accord with this decision unless a motion for review is filed. Information about filing a motion for review, including the deadline, can be found in the Vaccine Rules, which are available on the website for the Court of Federal Claims.

**IT IS SO ORDERED.**

s/Christian J. Moran<br>Christian J. Moran<br>Special Master